UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KARLENA DAWSON, et al.,<br><br>　　　　Petitioner-Plaintiffs,<br><br>　　v.<br><br>NATHALIE ASHER, et al.,<br><br>　　　　Respondent-Defendants. | CASE NO. C20-0409JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.   INTRODUCTION

Before the court is Magistrate Judge Mary A. Theiler's Report and Recommendation on Respondent-Defendants Nathalie Asher, Matthew Albence, Steven Langford, and U.S. Immigration and Custom Enforcement's ("ICE") (collectively, "Respondents") return memorandum and motion to dismiss.  (*See* R&R (Dkt. # 137); *see also* Mot. (Dkt. # 94).)  After Magistrate Judge Theiler issued the Report and Recommendation granting Respondents' motion, Petitioner-Plaintiffs Karlena Dawson, Alfredo Espinoza-Esparza, Norma Lopez Nunez, Marjoris Ramirez-Ochoa, Maria

ORDER - 1

Gonzalez-Mendoza, Joe Hlupheka Bayana, Leonidas Plutin Hernandez, and Kelvin Melgar-Alas (collectively, "Petitioners") timely filed objections. (*See* Obj. (Dkt. # 141).) Respondents filed a response to Petitioners' objections in support of the Report and Recommendation. (*See* Resp. (Dkt. # 144).) Finally, petitioners filed a notice of supplemental authority related to the Report and Recommendation. (Notice (Dkt. 145).) The court has considered Respondents' motion to dismiss, Magistrate Judge Theiler's Report and Recommendation granting that motion, the parties' submissions in support of and in opposition to Petitioners' motion and the Report and Recommendation, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court ADOPTS Magistrate Judge Theiler's Report and Recommendation and GRANTS Respondents' motion to dismiss as detailed below.

## II.   PROCEDURAL AND FACTUAL BACKGROUND[2]

On March 16, 2020, Petitioners initiated this action to obtain release from detention at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, a private detention facility run by The GEO Group, Inc. ("GEO").[3]  (Pet. (Dkt. # 1) at 20;

---

[1] No party requests oral argument (*see* Obj. at 1; Resp. at 1), and the court finds oral argument unnecessary to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Because the facts and procedural background of this case are well known to the parties and covered in detail by Magistrate Judge Theiler (*see* R&R at 2-13), the court offers only a brief summary here.

[3] At the time of Magistrate Judge Theiler's R&R, three Petitioners remained detained at the NWIPC. (*See* R&R at 12.) On October 23, 2020, Petitioner Norma Lopez Nunez was released from custody on an order of supervision, reducing this number to two. (*See* 10/23/20 Notice (Dkt. # 149).)

2d Bostock Decl. (Dkt. # 96) ¶ 4.)  Petitioners represent that they are "particularly vulnerable to serious illness or death if infected by COVID-19" due to their age and/or medical conditions. (Pet. ¶¶ 39-66.)

On March 16, 2020, Petitioners also filed their first motion for a temporary restraining order ("TRO") seeking their immediate release.  (1st TRO Mot. (Dkt. # 2) at 7.)  On March 19, 2020, the court denied Petitioners' first TRO motion.  (*See* 3/19/20 Order (Dkt. # 33) at 4-6 (finding that Petitioners had not shown a likelihood of success on the merits or a likelihood of irreparable harm).)  On March 24, 2020, Petitioners filed their second TRO motion.  (2d TRO Motion (Dkt. # 36).)  The court denied the second TRO motion on April 8, 2020.  (*See* 4/8/20 Order (Dkt. # 91).)  At this time, the court also found that Petitioners had standing and that they could pursue their Fifth Amendment claims as a petition for writ of habeas corpus.  (*See id*. at 18-21.)  This court found again found that Petitioners had not demonstrated a likelihood of success on the merits (*id*. at 22), but also ordered Respondents to inform the court within 24 hours of learning that an individual physically present at the NWIPC had tested positive or been diagnosed with COVID-19.  (*Id*. at 12 n.7.)

On April 30, 2020, Respondents filed a habeas return and motion to dismiss.  (Mot.)  Petitioners filed their response on May 18, 2020 (Resp.), and Respondents filed their reply on May 22, 2020 (Reply (Dkt. # 121)).  On August 17, 2020 Magistrate Judge Theiler entered a Report and Recommendation granting Respondents' motion to dismiss.  (*See* R&R.)  Magistrate Judge Theiler found that the fact that some Petitioners were no longer detained did not moot those Petitioners' claims.  (*See id*. 14-16.)  Magistrate Judge

Theiler also found that Petitioners had "not shown Respondents are detaining them under conditions that violate their Fifth Amendment right to reasonable safety" (*id.* at 18) and the court could "not conclude that Petitioners face imminent danger that outweighs the government's interests" (*id.* at 20). On these bases, Magistrate Judge Theiler recommended granting Respondents' motion to dismiss with prejudice. (*Id.*) Petitioners filed their objections to Magistrate Judge Theiler's Report and Recommendation. (*See* Obj.) Petitioners only object to Magistrate Judge Theiler's recommendation to the extent that it recommends dismissal with prejudice. (*See id.* at 1 (requesting that the court dismiss this action without prejudice).) The court now considers Petitioners' objections.

### III.   ANALYSIS

**A.   Legal Standards**

A district court has jurisdiction to review a Magistrate Judge's Report and Recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The court reviews de novo those portions of the Report and Recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Federal Rule of Civil Procedure 41(a)(2) states that, after a defendant serves an answer, and absent a stipulation by all parties who have appeared, "an action may be dismissed at the plaintiff's request, only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) "is addressed to the sound discretion of the District Court, and its order will not be reversed unless [it] has abused its discretion." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). The court's inquiry "focuse[s] on the rights and defenses available to a defendant in future litigation." *Id.*

**B.     Dismissal**

The court finds that dismissal with prejudice is proper. Petitioners argue that this action should be dismissed without prejudice because Petitioners are putative class members in *Castañeda Juarez v. Asher*, No. C20-0700JLR (W.D. Wash.), also pending before this court, which "raise[s] the same Fifth Amendment claims, against the same Defendants, based on the same facts regarding conditions of confinement with respect to COVID-19 [at NWIPC]." (Obj. at 3.) Respondents contend that dismissal without prejudice is improper because it would deprive respondents of the defense of claim

preclusion in *Castañeda Juarez* against Petitioners, which amounts to legal prejudice. (*See* Resp. at 4-5.)

The court agrees with Respondents and finds that they would suffer plain legal prejudice if this action is dismissed without prejudice. Petitioners do not object to Magistrate Judge Theiler's finding that the COVID-19-related conditions at NWIPC do not violate their constitutional rights. (*See generally* Obj.) To allow Petitioners to join parallel litigation on the same questions while denying Respondents the ability to bring a claim preclusion argument in that action would deprive Respondents of a legal defense. *See Westlands*, 100 F.3d at 97. Petitioners are represented by the same counsel as the petitioners in *Castañeda Juarez*, and thus have been aware of that parallel matter for months. But they only seek to join that putative class now that they are faced with a Report and Recommendation recommending dismissal with prejudice. The court does not find this to be a proper exercise of the discretion afforded to it by Rule 41. *See* Fed. R. Civ. P. 41(a)(2).

The court is mindful of the evolving and dynamic nature of the COVID-19 pandemic and the potential for conditions to change in NWIPC. Should the conditions at NWIPC change such that Petitioners believe they suffer new constitutional violations distinct from those in Petitioners' current claims, they may file a new action. Dismissing this suit with prejudice will not prevent that course of action. Petitioners also contend that dismissal with prejudice may harm their ability to pursue challenges to their detention on unrelated grounds. (*See* Obj. at 5). The court disagrees. Dismissing the

1  current matter with prejudice will do nothing to stop Petitioners from bringing unrelated

2  challenges based on non-COVID-19 related conditions of their confinement.

## IV. CONCLUSION

For the reasons stated above, the court:

(1) ADOPTS the Report and Recommendation (Dkt. # 137);

(2) GRANTS Respondents' motion to dismiss (Dkt. # 94); and

(3) DENIES Petitioners' habeas petition and complaint for injunctive relief (Dkt. # 1) and DISMISSES this action with prejudice.

The Clerk is directed to send copies of this order to the parties and to Magistrate Judge Theiler.

Dated this 19th day of November, 2020.

JAMES L. ROBART
United States District Judge